# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0187V
(not to be published)

| | |
|---|---|
| MARY DISCHINGER,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 8, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Shealene Priscilla Mancuso*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 6, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine. (Petition at 1). On September 3, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 39).

Petitioner has now filed a motion for attorney's fees and costs, dated October 22, 2019, (ECF No. 43), requesting a total award of $15,862.21 (representing $14,752.90 in

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

fees and $1,109.31 in costs). In accordance with General Order #9, counsel for Petitioner's counsel represents Petitioner incurred no out-of-pocket expenses. (*Id.* at 2.) Respondent reacted to the motion on November 5, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 44).  By electronic correspondence on November 6, 2019, counsel for Petitioner notified the staff attorneys office that Petitioner did not intend to file a reply. *See Informal Remark,* November 6, 2019.

I have reviewed the billing records submitted with Petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorneys' fees and costs. I award a total of **$15,862.21** (representing $14,752.90 in attorney's fees and $1,109.31 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his/her counsel, Shealene Priscilla Mancuso, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.